UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CECILIA MONTERO on behalf of herself
and all other similarly situated persons, known
and unknown,

        Plaintiff,

v.

JPMORGAN CHASE & CO., and
JPMORGAN CHASE BANK, N.A.,

        Defendants.

## COMPLAINT AT LAW

Plaintiff, Cecilia Montero, on behalf of herself and all other similarly situated persons, known and unknown (the "Plaintiff Class"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective/class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat.105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA"). Specifically, Defendants violated the FLSA

and IMWL by paying Plaintiff and putative members of the Plaintiff Class less than the federal and Illinois State mandated overtime wage because they failed to compensate Plaintiff and the putative Plaintiff Class at a rate of one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week. In addition, Defendants violated the IWPCA by making unlawful deductions from the wages of Plaintiff and putative members of the Plaintiff Class.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois at Defendants' facilities in Cook County. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Cecilia Montero ("Plaintiff" or "Ms. Montero"), was formerly employed by Defendants as a Mortgage Banker a/k/a Loan Officer from on or about March 29, 2004 through on or about July 28, 2014.

5. At the time of her separation from employment, Ms. Montero worked at Defendants' 253 East Dundee Road, Wheeling, Illinois 60090 location.

6. Ms. Montero resides in Wonder Lake, Illinois.

7. The members of the Plaintiff Class include all current and former Mortgage Bankers a/k/a Loan Officers employed within the applicable statutory timeframe, who, like Plaintiff,

were not paid at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

8. JPMorgan Chase & Co. ("JPMC") is a Delaware corporation, licensed to do business within the State of Illinois. JPMC is the name of a holding company, which provides financial services to customers under its Chase and J.P. Morgan brand names. JPMC has multiple locations throughout the United States, including Illinois. Upon information and belief, JPMC has its principal place of business at 270 Park Avenue, New York, New York 10017. The registered agent for JPMC is CT Corporation Systems, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60606.

9. JPMorgan Chase Bank, N.A. ("Chase Bank") is a national banking association that provides banking and financial services and does business as "Chase." Chase Bank has multiple locations throughout the United States, including Illinois. Upon information and belief, Chase Bank maintains its retail and commercial bank headquarters at 10 South Dearborn Street, Chicago, Cook County, Illinois 60603. The registered agent for Chase Bank is CT Corporation Systems, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60606.

10. Upon information and belief, Chase Bank is a wholly owned consumer and commercial banking subsidiary of JPMC.

11. Defendants are an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. During the statutory period, Ms. Montero and the putative members of the Plaintiff Class were employed by Defendants as "employees" as defined by the FLSA and IMWL.

13. During the course of their employment, Ms. Montero and the putative members of the Plaintiff Class were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

14. Mr. Montero was employed by Defendants as a Loan Officer a/k/a Mortgage Banker ("Mortgage Banker") from on or about March 29, 2004 through on or about July 28, 2014.

15. At the time of her separation from employment, Defendants paid Ms. Montero at a rate of $10.09 per hour plus commission.

16. Defendants paid members of the Plaintiff Class at an hourly rate plus commission.

17. Defendants regularly deducted "unpaid time" from Ms. Montero's paychecks without consent.

18. Defendants regularly deducted "unpaid time" from the members of the Plaintiff Class' paychecks without consent.

19. Plaintiff and other members of the Plaintiff Class regularly worked in excess of forty (40) hours per week.

20. Plaintiff and other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

21. The regular rate of pay for Plaintiff and members of the Plaintiff Class included an hourly wage and commissions.

22. Defendants paid Plaintiff and members of the Plaintiff Class on a semi-monthly basis.

4

23. Defendants paid Plaintiff and members of the Plaintiff Class their commissions based upon semi-monthly earnings.

24. Defendants failed to reflect on what day or in which individual work week the commissions were earned.

25. Defendants paid commissions as deferred compensation on paychecks issued later than paychecks distributing Plaintiff's and the members of the Plaintiff Class' earned hourly wages.

26. The paychecks wherein Defendants paid Plaintiff and the members of the Plaintiff Class their commissions reflected an adjusted overtime rate. However, Defendants failed to properly combine employees' commissions earned with their hourly rates when calculating overtime wages for Plaintiff and members of the Plaintiff Class.

27. As a result of the policies and practices described above, Defendants failed to properly compensate Plaintiff and other members of the Plaintiff Class at a rate of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in individual workweeks.

28. Defendants were aware of their obligation to pay employees the overtime wage, which is based on their regular rates of pay, and intentionally chose not to pay Plaintiffs or other members of the Plaintiff Class accordingly. Defendants acted in bad faith in failing to compensate Ms. Montero and other members of the Plaintiff class at the proper overtime rate for the work they performed.

## CLASS ALLEGATIONS

29. Plaintiff brings this action both as an opt-in collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b), and as a class action under the IMWL and the IWPCA.

30. This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Class is so numerous that joinder of all class members is impracticable. Plaintiff and members of the Plaintiff Class have been equally affected by Defendants' failure to pay overtime at the proper rate and other earned wages.

31. The Plaintiff Class members still employed by Defendants may be reluctant to file individual claims for fear of retaliation.

32. Plaintiff satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. These common questions of law and fact include, but are not limited to whether Defendants paid Plaintiff and members of the Plaintiff Class at the applicable rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in individual workweeks and whether Defendants unlawfully deducted hours of pay.

33. Plaintiff and the Plaintiff Class have a commonality of interest in the subject matter and remedy sought.

34. Plaintiff is able to fairly and adequately represent and protect the interests of the Plaintiff Class.

35. Plaintiff's Counsel is competent and experienced in litigating large wage and hour class action lawsuits.

36. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court, and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
### (Collective Action against All Defendants)

37. Plaintiff restates and incorporates paragraphs 1 through 36 as though set forth fully herein.

38. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff and all putative members of the Plaintiff Class at the applicable overtime rate for all hours worked in excess of forty (40) per workweek.

39. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff has attached as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

40. Plaintiff and other similarly situated employees who are putative members of the Plaintiff Class were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

41. Commissions constitute wages earned by Plaintiff and the putative members of the Plaintiff Class.

42. Plaintiff's regular rate of pay was the combination of hourly wages plus the commission earned in an individual workweek.

43. When Defendants provided commission payments to the Plaintiff, Defendants failed to reflect in which individual workweek the Plaintiff's commissions were earned.

44. The putative members of the Plaintiff Class' regular rates of pay were the combination of hourly wages plus the commission earned in an individual workweek.

45. When Defendants provided commission payments to the putative members of the Plaintiff Class, Defendants failed to reflect in which individual workweek the putative members of the Plaintiff Class' commissions were earned.

46. Defendants failed to pay Plaintiff and putative members of the Plaintiff Class at the overtime rate for all hours worked over forty (40) in a workweek.

47. All past and present Mortgage Bankers a/k/a Loan Officers, including Plaintiff, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied overtime compensation as required by the FLSA.

48. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policies and methods of payment utilized to mask the appropriate calculations for the regular rate of pay for Plaintiff and putative members of the Plaintiff Class. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Cecilia Montero, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Conditionally certifying this action to proceed as an opt-in collection action under 29 U.S.C. § 216(b);

b) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

### COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME
### (Class Action against All Defendants)

49. Plaintiff restates and incorporates paragraphs 1 through 36 as though set forth fully herein.

50. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff and putative members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

51. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

52. At all times relevant, Ms. Montero and putative members of the Plaintiff Class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

53. Pursuant to the IMWL, for all weeks during which Plaintiff and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

54. Plaintiff and the putative members of the Plaintiff Class regularly worked in excess of forty (40) hours per work week.

55. Plaintiff's regular rate of pay was the combination of hourly wages plus commissions earned in an individual workweek.

56. When Defendants provided commission payments to the Plaintiff, Defendants failed to reflect in which individual workweek the Plaintiff's commissions were earned.

57. The putative members of the Plaintiff Class' regular rates of pay were the combination of hourly wages plus the commission earned in an individual workweek.

58. When Defendants provided commission payments to the putative members of the Plaintiff Class, Defendants failed to reflect in which individual workweek the putative members of the Plaintiff Class' commissions were earned

59. Defendants violated the IMWL by failing to compensate Ms. Montero and the putative Plaintiff Class at the proper overtime rate for all hours worked in excess of forty (40) hours per work week.

60. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff and putative members of the Plaintiff Class are entitled to recover unpaid wages for three years prior to the filing of this

suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff, Cecilia Montero, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) Appointing Plaintiff as Class Representative and her Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*; and

h) Ordering such additional relief as this Court deems just and proper.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT – UNLAWFUL DEDUCTIONS
**(Class Action against All Defendants)**

61. Plaintiff restates and incorporates Paragraphs 1 through 36 as though fully set forth herein.

62. At all relevant times herein, Defendants have been an "employer" as defined in the IWPCA. 820 Ill. Comp. Stat. 115/2.

63. At all times relevant, Ms. Montero and putative members of the Plaintiff Class were employed by Defendants as "employees" within the meaning of the IWPCA, 820 Ill. Comp. Stat. 115/2.

64. Defendants regularly made deductions from the hourly wages earned by Plaintiff for "unpaid time."

65. Upon information and belief, Defendants regularly made deductions for "unpaid time" from the hourly wages earned by the putative members of the Plaintiff class.

66. Defendants made deductions from the wages earned by Plaintiff and members of the putative Plaintiff class in violation of the IWPCA, 820 Ill. Comp. State 115/9.

WHEREFORE, Plaintiff, Cecilia Montero, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

i) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

j) Appointing Plaintiff as Class Representative and her Counsel as Class Counsel;

k) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IWPCA;

l) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

m) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

n) Awarding reasonable attorneys' fees and costs incurred in filing this action;

o) Entering an injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*; and

     p)     Ordering such additional relief as this Court deems just and proper.

Dated: November 11, 2014                         Respectfully submitted,
                                                            CECILIA MONTERO, on behalf of
Alejandro Caffarelli, #06239078              herself and all other similarly situated
Alexis D. Martin, #06309619                 persons, known and unknown,
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604                             By: /s/ Alejandro Caffarelli
Tel. (312) 763-6880                                      Attorney for Plaintiff