IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECILIA MONTERO and ANABEL RODRIGUEZ on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>   Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,<br><br>   Defendants. | Case No. 14-cv-9053<br><br>Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Cecilia Montero and Anabel Rodriguez, on behalf of themselves and similarly-situated persons, filed this action against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Chase") alleging that Chase failed to pay them overtime wages at the rate required under the Fair Labor Standards Act (29 U.S.C. §§ 201), Illinois Minimum Wage Law (820 Ill. Comp. Stat. 105/1), and Illinois Wage Payment and Collection Act (820 Ill. Comp Stat. 115/1). Chase moves to compel arbitration of Rodriguez's claims and dismiss the remaining claims for failing to state a claim upon which relief can be granted. (Dkt. No. 32). Plaintiffs have agreed to dismiss their IWPCA claim and the Court now dismisses that claim with prejudice. For the reasons set forth below, the Court compels arbitration of Rodriguez's claims and denies Chase's motion to dismiss the remaining claims brought by Montero.

## BACKGROUND[1]

Montero and Rodriguez both worked as mortgage bankers for Chase, though at different

---

[1] This Court takes all facts alleged in the SAC as true for the purposes of this motion. *See Vinson v. Vermilion County, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015).

1

times and locations. (Dkt. No. 31, 2). Rodriguez worked for Chase from December 12, 2010 to June 14, 2014, beginning as a personal banker and then working as a mortgage banker during the last two years of her employment. (*Id*.) At the start of her employment in December 2010, Rodriguez entered into a Binding Arbitration Agreement ("BAA") with Chase as a condition of her employment. (Dkt. No. 33-1). Montero worked for Chase as a mortgage banker from March 29, 2004 to July 28, 2014, but never signed a BAA with Chase, nor was she ever asked to do so. (Dkt. No. 31, 2).

At the end of their respective tenures with Chase, both Rodriguez and Montero were being paid approximately $10.10 per hour plus commission and/or incentive compensation pursuant to their agreements with Chase. (*Id*.) Montero and Rodriguez had the same incentive plan regarding compensation with Chase during the course of their employment (Dkt. No. 33, 8). When Plaintiffs earned commission, Chase adjusted the overtime rate to add in the commission at a higher, adjusted rate. (Dkt. No. 31, at 6.) Plaintiffs now claim that Chase's adjusted overtime rate for commissions and/or incentive compensation was calculated at a rate less than that owed to Plaintiffs according to the overtime requirements of the FLSA and IMWL. (*Id.* at 2.)

Though Plaintiffs do not contest dismissal of their claims under the IWPCA, they maintain the validity of their FLSA and IMWL claims. Additionally, Rodriguez contests Chase's request to compel arbitration of her claims. (Dkt. No. 41, 1). Though Rodriguez did not dispute arbitration in her initial response, she later filed a supplement in opposition to Defendants' motion to dismiss, asking the Court to deny Chase's motion to compel arbitration after receiving a settlement offer from Chase in a factually similar case regarding Rodriguez's time as a personal banker in *Hightower, et al. v. JPMorgan Chase Bank, N.A., et al.,* USDC for the C.D. Cal. (Case No. 11-cv-01802) (Dkt. No. 48, 1-2). Rodriguez insists that Chase's decision not to

2

adhere to the BAA in the *Hightower* matter should render Chase unable to compel individual arbitration of her claims in this matter. (*Id.*)

## DISCUSSION

**I. Motion to Compel Arbitration**

Chase's motion to compel arbitration of Rodriguez's claims pursuant to their BAA is granted. A party seeking to compel arbitration must show that: (1) a written agreement to arbitrate exists, (2) the dispute at issue is within the scope of that agreement, and (3) the other party has refused to arbitrate. *Zurich Am. Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). In determining whether the parties agreed to arbitrate their claims, courts generally "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). However, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration." *Volt Inf. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). In this case, Rodriguez argues that the BAA she entered with Chase—which would otherwise be enforceable and cover the claims at issue here—is unenforceable under the doctrines of equitable and judicial estoppel due to Chase's conduct in another proceeding.

The doctrine of equitable estoppel may be invoked when a plaintiff reasonably relies upon the misrepresentation of a defendant to the plaintiff's detriment. *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 991 (7th Cir. 2002). Rodriguez claims Chase misrepresented its practice of requiring all wage claims by employees with BAAs to be individually arbitrated. By pointing to the *Hightower* matter, Rodriguez attempts to show that Chase does not adhere to the BAA when it is more suitable for Chase to resolve its claim through class settlement. Rodriguez alleges that

3

she relied upon this misrepresentation to her detriment when she did not contest Chase's motion to compel arbitration.

Rodriguez's argument, however, belies the basic premise that a party's settlement in one case does not necessarily amount to a waiver of its right to arbitrate in another case. *See, e.g., Davis. v. Fenton*, 26 F. Supp. 3d 727, 745 (N.D. Ill. 2014) ("Defendants' involvement in the state court case is not a waiver of their right to arbitrate this case"); *Pohlman v. NCR Corporation,* No. 12 CV 6731, 2013 WL 3776965, at *5 (N.D. Ill. July 17, 2013) (finding that defendant's involvement in prior litigation that involved the same causes of action but had different named parties and involved a similar but separate set of facts did not constitute a waiver of the right to arbitrate in the case at hand); *Carbajal v. Household Bank*, No. 00 C 0626, 2003 WL 22159473, at *12 n.8 (N.D. Ill. Sept. 18, 2003) (finding that even if defendants tried to include plaintiff's claim in a settlement in a separate case, "that does not lead to the conclusion that they were intending to waive their arbitration rights"). To hold otherwise would create a disincentive for any defendant facing multiple suits to settle. Chase's involvement in the *Hightower* matter is not a waiver of its right to arbitrate this case and it is not prohibited from demanding arbitration in this case under the doctrine of equitable estoppel.

This Court is similarly unpersuaded that Chase should be prohibited from enforcing its BAA under the doctrine of judicial estoppel. In considering the doctrine of judicial estoppel, the Court must determine whether a party's later position is clearly inconsistent with an earlier position, such that it would create the perception that the first court was misled or it would provide an unfair advantage or detriment to one of the parties. *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id*.

4

The doctrine is inapplicable here because Chase has not taken inconsistent positions in the *Hightower* matter and this case: it has consistently attempted to enforce its arbitration agreements in both matters. In the *Hightower* matter, the Court granted Chase's motion to compel arbitration for those individuals with BAAs. *See Hightower, et al. v. JPMorgan Chase Bank, N.A., et al.,* USDC for the C.D. Cal. (Case No. 11-cv-01802) (Dkt. No. 145; Dkt. No. 169). Chase's attempts to settle *Hightower* but arbitrate this case cannot be said to have misled any court about Chase's interest in arbitration. Litigation may result in a party submitting to settlement for any number of reasons. Judicial estoppel is concerned with protecting the integrity of the courts from manipulative litigation conduct. *See Grochocinksi v. Mayer Brown Rowe & Maw, LLP,* 719 F.3d 785, 796 (7th Cir. 2013). This Court declines to find such manipulation in this matter. Chase is not judicially estopped from enforcing its BAA.

Lastly, Rodriguez's argument premised on breach of contract also fails. Breach of contract requires: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendants; and (4) resultant injury to the Plaintiff. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010). Rodriguez insists that Chase failed to perform under their agreement and that her claims are therefore not subject to arbitration. There is, however, no evidence that Chase failed to perform under the BAA and there is no reason that its alleged failure to adequately compensate Rodriguez somehow invalidates the parties' entirely separate agreement to arbitrate. (*See* Dkt. No. 33-2). As stated above, Chase's ability to settle a case in a separate matter does not affect its right to enforce the arbitration agreement in this current matter. The Court compels arbitration of Rodriguez's claims.

**II. Motion to Dismiss**

The Court now considers Chase's motion to dismiss Montero's claims against it under the FLSA and IMWL. To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc*., 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A. FLSA**

The FLSA requires employers to pay their employees a minimum hourly wage and one and a half times their hourly wage for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1). An FLSA plaintiff is not required to forecast evidence or make a case against the defendant, but need only provide enough details to give the defendant fair notice of the claim and show that the claim is plausible. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (reaffirming "the minimal pleading standard for simple claims");

*see also, e.g., Brown v. Club Assist. Road Service U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, *6 (N.D. Ill. Sept. 19, 2013); *Nehmelman v. Penn. Nat. Gaming, Inc.*, 790 F. Supp. 2d 787, 796-97 (N.D. Ill. May 20, 2011); *Nicholson v. UTI Worldwide, Inc.*, 09-cv-722-JPG-DGW, 2010 WL 551551, *4 (S.D. Ill. Feb. 12, 2010). Indeed, the FLSA often involves simple claims that do not require a fuller set of facts to render them plausible. *See, e.g., Nehmelman,* 290 F. Supp. 2d at 796; *Nicholson,* 2010 WL 551551, *4.

In this case, Montero has pled facts sufficient to state a claim under the FLSA. Montero's SAC provides sufficient detail to put Chase on notice of her allegations, including her dates of employment and job title; Chase's general compensation structure and her compensation in particular; and information about the allegedly improper deductions from her Chase-issued paychecks. Specifically, Plaintiffs allege that Chase paid "commissions and/or incentive compensation as deferred compensation on paychecks issued later than paychecks distributing" Plaintiffs' earned hourly wages, but that the deferred compensation was not calculated "pursuant to any of the formulas permitted under the law." (Dkt. No. 31, ¶¶ 33-34). Montero does not need to provide the exact details of Chase's complex overtime wage calculations to plead a cause of action under the FLSA. *See, e.g., Victoria v. Alex Car, Inc.*, 2012 WL 1068759, at *5 (N.D. Ill. Mar. 29, 2012) ("No rule of law requires Plaintiffs to allege their hourly wage, the dates on which the alleged violations took place, or the specific facts they performed off the clock."). Regardless of whether the Court considers the paystubs and exhibits offered outside of the SAC, the information in the SAC alone gives Chase sufficient notice of the potential issues in this case. Specific facts regarding wage calculations and commission formulas are usually contained within an employee's record and Chase is therefore likely in a good—if not the best—position to gather the necessary documents to investigate and defend against this claim. *See, e.g.,*

*Richardson v. Granite City Hotel and Resorts, LLC*, 2015 WL 1944402, *4 (S.D. Ill. April. 29, 2015). Montero has sufficiently alleged that this potential violation is traceable to Chase and has properly pled an FLSA claim. Chase's motion to dismiss Montero's FLSA claim is denied.

### B. IMWL

For the reasons stated above with respect to Montero's FLSA claim, the Court denies Chase's motion to dismiss her IMWL claim. The Illinois Administrative Code specifically states that interpretations of the FLSA should provide guidance to parties interpreting the IMWL. *See* 56 Ill. Admin. Code 210.120 ("For guidance in the interpretation of the Act and this Part, the Director may refer to the Regulations and Interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the [FLSA]"). In this case, the facts pled in support of Montero's IMWL claim are materially similar to those offered with respect to her FLSA claim and there is no reason for the Court to consider the claims separately at this stage. *See, e.g., DeMarco v. N.W. Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510896, at *3 (N.D. Ill. Aug. 10, 2011) ("The FLSA and IMWL claims are considered together because IMWL incorporates FLSA standards by reference.") (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 601 (7th Cir. 1993)).

### CONCLUSION

For the reasons stated, Chase's motion to compel arbitration of Rodriguez's claims is granted. Chase's motion to dismiss is denied.

Date: 1/15/2016

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois