IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECILIA MONTERO, on behalf of herself and all other similarly situated persons, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO., AND JPMORGAN CHASE BANK, N.A.,[1]<br><br>Defendants. | Case No. 1:14-cv-09053<br><br>Hon. Susan E. Cox |

## FINAL ORDER AND JUDGMENT

The Court, having considered the parties' Joint Settlement Agreement and Release ("Settlement Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiff, the Class Members, the FLSA Collective Members, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement,

---

[1] Defendants contend that Plaintiff's Complaint improperly names "JPMorgan Chase & Co." as a defendant. Defendants contend that Plaintiff was not employed by JPMorgan Chase & Co., but by JPMorgan Chase Bank, N.A., and Defendants reserve all rights and defenses thereto.

1

including the releases and other terms, as fair, reasonable and adequate as to the Parties, the Claimants, and the Qualified Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

4. The Court finds that there were zero (0) written objections to the Settlement.

5. The Court finds that the procedures for notifying the Class Members and FLSA Collective Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members and FLSA Collective Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members and FLSA Collective Members provided adequate, due, sufficient and valid notice of the Settlement.

6. The Court finds, for settlement purposes only, that the Class and FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

7. The Litigation is dismissed on the merits and with prejudice, permanently barring the Plaintiff and all other Claimants and Qualified Class Members from filing, commencing, prosecuting, or pursuing the claims Released by the Stipulation whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

8. Class Counsel's request for attorneys' fees and litigation costs and expenses in

this action is approved as follows: Class Counsel is hereby awarded $1,000,000 for attorneys' fees and reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case.

9. The enhancement award for the Plaintiff in the amount of $1,000 as set forth in Section 3.3 of the Settlement Agreement, is approved to compensate her for her unique services in initiating and maintaining this litigation.

10. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Class Members, the FLSA Collective Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendants or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in this Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or Releasees.

11. The action is dismissed on the merits and with prejudice, and Plaintiff, Class Members and Claimants, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendants in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether

3

on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Final Approval Order.

13. The Parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 4/25/18

Honorable Susan E. Cox